**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-50871

ANNA EBERWEIN,

Plaintiff - Appellant,

VERSUS

AUTO ZONERS INC., doing business as AUTO ZONE, also known
as AUTO ZONE, INC.

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Texas

(SA-00-CV-842-HG)

July 30, 2002

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

As a result of the alleged conduct of her co-worker, Rey
Hernandez, and her immediate supervisor, Carl Allen, Anna Eberwein
has sued her employer, AutoZone, for sexual harassment and Title
VII Retaliation. The district court concluded that Eberwein's

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

complaints were unfounded and granted AutoZone's motion for summary judgment, dismissing Eberwein's claims.

Based on our review of the summary judgment record, the opinion of the district court, and the arguments of counsel, we are convinced that all rulings and the judgment of the district court are correct and should be affirmed for the following reasons:

1. With regard to Eberwein's complaint of sexual harassment by Hernandez, Eberwein has not identified specific facts demonstrating that there is a genuine issue for trial as to whether Hernandez's conduct constituted harassment based on sex. The evidence, instead, reflects that Eberwein and Hernandez had a pattern of animosity towards each other and a series of episodes involving workplace disputes.[2] Eberwein's co-workers unanimously testified that her problems with Hernandez did not concern sexual harassment. In fact, Eberwein, herself, testified in her deposition that Hernandez did <u>not</u> sexually harass her and that her problems with him concerned her belief that he was "not carrying his load" at work. Eberwein stated, "[M]aybe [Rey] didn't like me. . . . I didn't have anything against Rey, other than he didn't pull his

_____

[2] On May 16 and 17, 1998, Eberwein and Hernandez were involved in conflict (which involved profanity) regarding who should obtain a SKU number for a bolt and Hernandez's alleged refusal to help her with a Spanish speaking customer. Moreover, shortly thereafter, Hernandez complained that Eberwein humiliated him and undermined his authority in his assistance of a customer with an air conditioning problem.

load." When asked if she claimed that Mr. Hernandez sexually harassed her, Eberwein responded, "No, I don't." "It is a simple fact that in a workplace, some workers will not get along with one another, and this Court will not elevate a few harsh words or 'cold-shouldering' to the level of actionable offense." McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558, 564 (5th Cir. 1998).[3]

2. On the other hand, the evidence in the summary judgment record does create an issue of fact as to whether Allen, Eberwein's immediate supervisor, sexually harassed her. Because, however, there is absolutely no evidence in the record that his conduct "culminated" in the adverse employment action taken against her, Eberwein cannot make out a claim for quid pro quo harassment under which AutoZone could be held vicariously liable. Casiano v. AT&T Corp., 213 F.3d 278, 283. Eberwein was not fired by Allen. In

---

[3] Assuming, *arguendo*, that Hernandez sexually harassed Eberwein, AutoZone would not be liable because the evidence does not suggest that AutoZone either knew or should have known of the alleged harassment. The summary judgment record reflects that AutoZone promptly investigated all the complaints Eberwein made against Hernandez, through a series of visits to the store by management officials, who took statements and conducted interviews with parties and workers who witnessed the alleged incidents. Despite specific inquiry into "inappropriate verbal or physical behavior," Eberwein, in her two-and-a-half page reply, failed to make any mention of sexual harassment and recounted only the incidents about the bolt number and the Spanish-speaking customers. Even Eberwein testified that she didn't know what else AutoZone could have done in response to her complaint, and, again, Eberwein testified in her deposition that Hernandez did not sexually harass her. Her failure to report the alleged sexual harassment is "fatal to her case." Woods v. Delta Beverage Group, Inc., 274 F.3d 295, 299-300 (5th Cir. 2001).

3

fact, Allen had no authority to do so and had no involvement in that decision. Eberwein was fired by the District Manager, Daphne Wesley, on the instructions of the Regional Manager, Rene Munoz, because of her "ongoing problem" of "[h]ostile and disruptive behavior" and because of her "willful damage of AutoZone property, [and] conduct which is detrimental to AutoZone and fellow AutoZoners."

Having found no quid pro quo harassment, we next examine the record for evidence of hostile work environment sexual harassment. Assuming *arguendo* that Allen's alleged sexual harassment was "severe and pervasive," AutoZone would be entitled to assert the affirmative defense laid out in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998). The summary judgment record reflects that AutoZone exercised reasonable care to prevent and correct sexual harassing behavior by implementing a number of preventative measures, including a stated policy in its handbooks prohibiting sexual harassment (of which Eberwein admits she was aware) and the existence of a 1-800 number to report inappropriate conduct. Eberwein admits to not reporting Allen's alleged harassing behavior and to failing to use the 1-800 number, conduct which in this case constitutes an unreasonable failure to take advantage of AutoZone's preventive and corrective opportunities.[4]

---

[4] Despite Eberwein's contention that the 1-800 number was an ineffective remedy, nothing in the summary judgment record supports such an inference.

<u>Ellerth</u>, 524 U.S. at 807 ("[A] demonstration of such failure [to unreasonably use any complaint procedure provided by the employer] will normally suffice to satisfy the employer's burden under the second element of the defense.").

3. With regard to Eberwein's retaliation claim, there is serious doubt as to whether she even engaged in a Title VII protected activity at all.[5]  Assuming, *arguendo*, that she did, Eberwein has presented no evidence of "a causal connection" between her complaint and the adverse employment action.  After Eberwein filed her complaint against Hernandez, Bill Morris, AutoZone's Loss Prevention Advisor, and District Manager Daphne Wesley investigated and took statements from Eberwein and her co-workers.  When Hernandez filed a complaint against Eberwein for the alleged demeaning way she treated him in front of customers, Wesley again took statements from store workers concerning that incident.  The statements obtained corroborated Hernandez's accusation against Eberwein, i.e., that Eberwein was the aggressor in these incidents and that Eberwein had used foul language and been verbally abusive in front of customers (conduct which, by the way, Eberwein admits

---

[5] Although Eberwein's complaint does contain allegations of "gender bias[]" and the use of "crude female based vulgarity" against Hernandez, her complaint discusses Hernandez's lack of team spirit, not any alleged sexually harassing conduct.  As stated above, when AutoZone investigated Eberwein's complaint, Eberwein made no allegation of sexual harassment.  In fact, both she and her co-workers have unanimously testified that her problems with Hernandez did not concern sexual harassment.

5

to in her deposition). The evidence and recommendations were forwarded to Regional Manager Munoz, who found Eberwein to be at fault and ordered Wesley to issue a Corrective Action to Eberwein and transfer her to another store. When Eberwein responded by destroying company property, Munoz, based on the recommendation of Kim Rolland of AutoZone Relations, instructed Wesley to fire Eberwein. The uncontradicted summary judgment evidence indicates that neither Hernandez nor Allen had any input into the decision to fire Eberwein and that Munoz had no knowledge of Ms. Eberwein's ever having complained of alleged sexual harassment during her employment with AutoZone. See Watts v. Kroger Co., 170 F.3d 505, 512 (5th Cir. 1999) (finding no causation for alleged retaliation because the supervisor had no knowledge that the employee was engaged in any protected activity); Long v. Eastfield College, 88 F.3d 300, 307 (5th Cir. 1996) (stating that no causal link exists between an employee's termination and her supervisor's harassment, if the terminating authority makes his decision not based on the tainted supervisor's recommendation).[6]

---

[6] Again, assuming, *arguendo*, that Eberwein has made out a *prima facie* case of retaliation, AutoZone has put forth evidence of a legitimate, non-discriminatory reason for firing Eberwein – Eberwein's "ongoing problem" of "[h]ostile and disruptive behavior, willful damage of AutoZone property, [and] conduct which is detrimental to AutoZone and fellow AutoZoners." Eberwein's subjective beliefs of retaliation and the temporal proximity of her termination with her complaint are insufficient, by themselves, to show pretext and allow a reasonable juror to conclude from the summary judgment evidence that AutoZone would not have terminated Eberwein "but for" her complaint. Seaman v. CSPH, Inc., 179 F.3d 297, 301 (5th Cir. 1999).

6

AFFIRMED